Erin E. Hanson, Esq., SBN 272813
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:  (619) 557-0404
Facsimile:   (619) 557-0460
EHanson@ClarkHill.com

Attorney for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT ALAN BATES<br><br>                        Plaintiff,<br><br>      v.<br><br>FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>                        Defendants. | Case No.<br><br>(Nevada County Superior Court Case No. CU21086065)<br><br>**NOTICE OF REMOVAL**<br>**[28 U.S.C. §§ 1332 AND 1441 (B); DIVERSITY JURISDICTION]**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:   November 18, 2021 |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FCA US LLC, a Delaware limited liability company ("FCA"), hereby removes this action from the California Superior Court for the County of Nevada to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§1332 and 1441(b) and alleges as follows:

**I.      DESCRIPTION OF ACTION**

On November 18, 2021, Plaintiff GARRETT ALAN BATES ("Plaintiff") filed this action against FCA in the Superior Court of the State of California for the County of Nevada. *See* Hanson Decl. ¶4, Ex. 1.  On December 3, 2021, Plaintiff personally served FCA with the summons and complaint.  *See* Ex. D.

The action is titled *Garrett Alan Bates v. FCA US LLC; and DOES 1 through 10*

*inclusive*, and bears state case number CU21086065. A true and correct copy of the Complaint is attached to the Declaration of Erin E. Hanson as Exhibit 1.

Plaintiff alleges that Plaintiff purchased a 2020 DODGE RAM, VIN: 3C63RRHL4LG270927 (hereinafter "subject vehicle"). *See* Hanson Decl. ¶4, Ex. 1 [Compl., ¶6].

The Complaint alleges four causes of action: 1) Violaton of the Song-beverly Consumer Warranty Act-Breach of Express Warranties; 2) Breach of the Implied Warranty (Song Beverly); 3) Breach of Express Warranty-Commercial Code; and 4) Violation of Business and Professions Code §§ 17200. Hanson Decl. ¶4, Ex. 1. FCA denies these allegations.

Plaintiff seeks damages including: a declaration that the sales contract is rescinded; a declaration that Defendants have been given a reasonable number of repair attempts and/or days to conform the Vehicle to warranty; actual damages of $78,660.60 according to proof; consequential and incidental damages according to proof; restitution of all consideration given by Plaintiff and or paid out toward the Vehicle; civil penalties in the amount of two times actual damages, attorney's fees, prejudgment interest at highest maximum legal rate; temporary restraining order and/or preliminary injunction; costs and expenses reasonably incurred in connection with this action; and such other relief as the Court deems just and proper. Hanson Decl. ¶4, Ex. 1 [Compl., 8:1-14]. Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the purchase price. *See* Hanson Decl. ¶4, Ex. 1 [Compl. at ¶15].

II. **TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL**

Defendant seeking removal must file a notice of removal within thirty days of receiving service of process. 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 346 (1999). FCA was served with the Summons and Complaint on December 3, 2021. *See* Ex. D. FCA now timely files this Notice of Removal before its 30-day removal deadline has expired.

FCA consents to removal of this matter. Hanson Decl. ¶7. *See* 28 U.S.C. §

1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009). FCA is not aware of the existence of or service on any "Doe" defendant. Consequently, no consent from any other party to removal is required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998).

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a citizen of California and citizens of states other than California and the matter in controversy exceeds the sum or value of $75,000.

#### A. Complete Diversity Exists

The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Here, the requirements for diversity of citizenship are satisfied. Defendant FCA US LLC is a limited liability company, organized as such under the laws of the State of Delaware. *See* Declaration of James Sheridan ("Sheridan Decl.") ¶2. FCA US LLC is one hundred percent owned by FCA North America Holdings LLC which is a Delaware limited liability company. Sheridan Decl., ¶3. FCA North America Holdings LLC is one hundred percent owned by FCA Holdco B.V., a company organized under the laws of the Netherlands. Sheridan Decl., ¶4. FCA Holdco B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company incorporated under the laws of the Netherlands. Sheridan Decl., ¶5; *see also* Hanson ¶6, Ex. 3. FCA US LLC's corporate headquarters and principal place of business are located at 1000 Chrysler Drive, Auburn Hills, Michigan. Sheridan Decl.,

¶¶6-7.

Plaintiff alleges in his Complaint that he is an individual residing in the County of Nevada, State of California. *See* Hanson Dec. ¶4, Ex. 1 (Compl. at ¶2). In addition, FCA may rely upon Plaintiff's address listed in the purchase agreement to meet its burden to establish Plaintiff's citizenship. *See El-Said v. BMW of N. Am., LLC*, No. 819CV02426JLSJDE, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020)("The sales contract lists a San Bernardino County address for Plaintiff, showing that he is a resident of California, and thereby indicating that Plaintiff is domiciled in California, and thus a citizen of California…In his Motion Plaintiff does not dispute that he is a California domiciliary and citizen."). Here, Plaintiff's address listed in the purchase agreement is located in Grass Valley, California, Nevada County, supporting he is a resident of California. *See* Hanson Decl. ¶5, Ex. 2. Similar to *El Said*, the purchase agreement indicates that Plaintiff is domiciled in California and thus a citizen of California.

Complete diversity exists because Plaintiff is a citizen of California and Defendant is a citizen of another state with its principle place of business in Michigan.

**B.      Amount in Controversy Exceeds $75,000**

To establish original jurisdiction based on diversity of parties, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is defined as the "amount at stake in the underlying litigation," and includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007)). This amount includes compensatory damages, punitive damages, as well as attorneys' fees awarded under fee shifting statutes. *See id*. at 648–49 (citing *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

In determining the amount in controversy, courts may look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

4
NOTICE OF REMOVAL
[28 U.S.C. §§ 1332 AND 1441 (B); DIVERSITY JURISDICTION]

1  When the complaint does not specify the amount of damages, the removing defendant has
2  the burden of proving by a preponderance of the evidence that the amount in controversy
3  exceeds the jurisdictional amount. *See Wilson v Republic Iron & Steel Co.* 257 US 92, 97,
4  42 S Ct 35 (1921); *Hunter v Philip Morris USA* 582 F3d 1039, 1042 (9th Cir 2009);
5  *Sanchez v Monumental Life Ins. Co.* 102 F3d 398 (9th Cir 1996) (rejecting "converse
6  legal certainty" test of *Hale v Billups of Gonzales*, Inc. (MD La 1985) 610 F Supp 162).

   In cases where a plaintiff seeks to rescind a contract, the contract's entire value,
without offset, is the amount in controversy. *See Jadair, Inc. v. Walt Keeler Co.,* 679
F.2d 131, 133 n. 5 (7th Cir.1982) (remarking that in a case of contract rescission, the
amount in controversy is a net figure not including counterclaims or offsets); *Savarese v.
Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 142 (9th Cir.1975) (declining to count
offset against amount in controversy); *Cohen v. North Ridge Farms, Inc., 712 F.Supp.
1265, 1266* (E.D.Ky.1989) (holding that amount in controversy is met in diversity action,
in which plaintiff sought rescission of contract for purchase of a returnable good, without
regard to offset); *Associated Press v. Berger*, 460 F.Supp. 1003, 1004 (W.D.Tex.1978)
(citing Jones v. Landry, 387 F.2d 102 (5th Cir.1967) (remarking that though defendant
claimed offset, the amount in controversy should not consider the offset)); *Bailey v.
Romney*, 359 F.Supp. 596, 599 (D.D.C.1972) (finding that the amount in controversy is
clearly satisfied where plaintiffs seek to rescind the purchase of their homes and homes
are worth a substantial sum).

   Here, the Complaint specifies the amount of damages and the amount in
controversy can be determine on the face of the pleadings.

   Plaintiff seeks rescission of the contract. *See* Hanson Decl. ¶4, Ex. 1 [Compl. at
4:15]. Accordingly, the contract's entire value, without offset, is the amount in
controversy for jurisdictional purposes. *See id.* Plaintiff also seeks the remedies
provided in California Civil Code section 1794(b)(1), including the purchase price. *See*
Hanson Decl. ¶4, Ex. 1 [Compl. at ¶¶16-20

   Plaintiff's Complaint alleges actual damages of $78,660.60 and seeks civil

penalties in the amount of two times actual damages.  Hanson Decl. ¶4, Ex. 1 [Compl., 8:4, 8:8].  In addition, the Purchase Agreement for the subject vehicle supports the total purchase price for the subject vehicle is $78,660.60.  *See* Hanson Decl. ¶5, Ex. 2.

In addition, Plaintiff is seeking a civil penalty in the amount of two times Plaintiff's actual damages.  Hanson Decl. ¶4 Ex. 1 [Compl., 8:8].  A double civil penalty amount based on the purchase price equals $157,321.20.

Plaintiff is therefore seeking, at a minimum, $235,981.80 in damages and civil penalties. This amount does not include attorneys' fees, which are also considered when calculating the amount in controversy.  The amount in controversy satisfies the $75,000 minimum.

## IV. **VENUE IS PROPER IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

Plaintiff filed the Complaint in the Superior Court for the State of California, County of Nevada, which is within this judicial district and division.  *See* 28 U.S.C. § 84(c)(2).  This Court is thus the proper court for removal under 28 U.S.C. § 1441(a). FCA reserves the right to seek transfer venue pursuant to applicable law.

## V. **NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT**

Promptly after the filing of this Notice, FCA will provide written notice of removal to Plaintiff and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the Nevada Superior Court.

Defendant has sought no similar relief with respect to this matter.

In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---|---|---|
| A. | Summons | November 18, 2021 |
| B. | Complaint | November 18, 2021 |

| EXHIBIT | DOCUMENT TITLE | DATE |
|---|---|---|
| C. | Civil Case Cover Sheet | November 18, 2021 |
| D. | Answer of Defendant FCA US LLC to Plaintiff's Unverified Complaint | January 3, 2022 |

**WHEREFORE,** Defendant respectfully requests that the above-captioned action pending before the Superior Court of the State of California in and for the County of Nevada be removed to the United States District Court for the Eastern District of California.

Dated: January 3, 2022

CLARK HILL LLP

By: /s/ Erin E. Hanson
Erin E. Hanson
Attorney for Defendant FCA US LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: January 3, 2022                    /s/ Erin E. Hanson
                                          Erin E. Hanson

John C. Feely/Neal F. Morrow III                    ***Attorney for Plaintiff***
**MFS LEGAL, INC.**                                 **GARRETT ALAN BATES**
5318 East 2nd Street 490
Long Beach, California 90803
T: 562-307-8055
john@calemonlawteam.com
neal@calemonlawteam.com
lawclerk@calemonlawteam.com