Neal F. Morrow III, Esq., SBN 295497
neal@calemonlawteam.com
**MFS LEGAL INC.**
5318 East 2nd Street #490
Long Beach, CA 90803
T: 562-307-8055

Attorneys for Plaintiff GARRETT ALAN BATES

Erin E. Hanson, Esq., SBN 272813
EHanson@ClarkHill.com
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, California 92101
Telephone:   (619) 557-0404
Facsimile:    (619) 557-0460

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT ALAN BATES<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 22-cv-00024-MCE-JDP<br><br>**JOINT SCHEDULING REPORT; ORDER**<br><br>District Judge:   Hon. Morrison C. England Jr<br>Magistrate Judge: Hon. Jeremy D. Peterson |

Pursuant to the Court's January 4, 2022 Initial Pretrial Scheduling Order, Plaintiff GARRETT ALAN BATES (hereinafter "**Plaintiff**") and Defendant FCA US LLC (hereinafter "**FCA**" or "**Defendant**"), collectively, the "**Parties**" submit this Rule 26(f) Joint Report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. Counsel of the parties Michael Avila and Erin Hanson, Esq. met and conferred regarding this matter on March 11, 2022.

///

**1.     Summary of Factual and Legal Contentions, including Relief Sought.**

Plaintiff filed this action on July 21, 2021, in the Superior Court of California, County of Fresno. Plaintiff alleges that Plaintiff purchased a 2021 Jeep Wrangler, VIN 1C4HJXEN5MW670823 (hereinafter "subject vehicle").

The Complaint alleges four causes of action: 1) Violation of the Song-Beverly Consumer Warranty Act – Breach of Express Warranties; 2) Breach of Implied Warranty – Song-Beverly; 3) Violation of Business and Professions Code Section 17200.

The case was removed to the United States District Court of the Eastern District of California on January 3, 2022, by Defendant.

*Plaintiff's Statement*:

Plaintiff contends that: (a) the nonconformities of the subject vehicle substantially impaired its use and value; (b) the nonconformities were not sufficiently fixed within a reasonable amount of repair attempts or time; (c) the Defendant breached the applicable express and implied warranties and; (d) the Defendant denied the Plaintiff's repurchase request with access to sufficient evidence to have made the denial willful. Plaintiff also contends that Defendant violated "Unfair competition" as defined by the Business and Professions Code Section 17200, because Defendant's conduct constitutes (a) unlawful and (b) unfair business practice.

Plaintiff contends that they are entitled to damages as a result of the harm caused by the defects of the subject vehicle under the applicable statues.

*Defendant's Statement*:

The issues in this case include: (a) whether Plaintiffs will be able to establish that the Subject Vehicle has or had a nonconformity that substantially impaired its use, value, or safety; (b) whether the alleged nonconformities were fixed after a reasonable number of repair attempts; (c) whether Defendant breached the applicable implied warranties; and (d) whether Defendant's denial of Plaintiffs' repurchase request was willful.

///

///

FCA denies the allegations in the Complaint, and denies Plaintiff has been damaged. FCA denies that the vehicle was defective or contained any nonconformities. FCA denies that it violated Song-Beverly.

**2.     Amendment of Pleadings**

The Parties do not anticipate any motions to add parties or claims, file amended pleadings or transfer venue.

**3.     Proposed Deadline for Amendment to Pleadings**

Defendant proposes that the Parties comply with FRCP Rule 15 with regarding to amendment of pleadings.

**4.     Uncontested and Contested Facts**

This is an express and implied contract violation as well as a Business and Professions Code action.  Plaintiff contends Defendant breached its express and implied warranties in violation of the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act.  Plaintiff also contends that Defendant violated the Business and Professions Code Section 17200.  Further legal issues may be expected to arise as investigation and discovery continue.  However, the Parties do not believe there are any unusual legal issues that will be presented by this case.

**5.     Legal Issues as to which there is no Dispute.**

The Parties have no dispute as to jurisdiction or venue.

**6.     Status of all Matters Presently before the Court**

There are not any hearings, motions, or other matters currently before the Court.

**7.     Discovery Plan Pursuant to F.R.C.P. 26(f)**

    **a.  Initial Disclosures and Timing of Discovery**

The Parties do not believe any changes should be made in the timing, form, or requirement for disclosures under Rule 26a.  The Parties agreed to exchange initial disclosures on March 25, 2022.

The Parties have agreed upon the discovery intervals set forth in the attached Scheduling Conference Worksheet.

### b. Non Expert Discovery

The Parties proposed a cutoff date for non-expert discovery of 10/5/2022.

### c. Disclosure of Expert Witnesses

The Parties proposed a cutoff date for disclosure of expert witnesses of 10/19/2022.

### d. Expert Witness Discovery

The Parties proposed a cutoff date for expert discovery of 12/16/2022.

### e. Subjects of Discovery

Plaintiff's Discovery:

Plaintiffs will seek discovery on the following subjects:

Repair related documents, technical service bulletins, any other warranty related information that the Plaintiff did not receive or did not have access to, instructional and repair manuals and information, all communications between the parties, Defendant's agents and affiliates related to the subject vehicle, and to the client and all parties involved in the chain of service.

Plaintiff anticipates taking depositions of Persons Most Knowledgeable for the Defendant. Plaintiff also anticipates pursuing depositions of Persons Most Knowledgeable for repairs and service from the dealership. Plaintiff will also seek depositions from people that were in direct contact with the Plaintiff, and percipient witnesses to the repairs.

The subjects of discovery are subject to change pending the exchange of information and the discovery process. Plaintiff reserves the right to pursue additional discovery not outlined within this statement pending new information.

Defendants' Discovery:

Defendants will seek discovery on the following subjects:

Documents received when Plaintiff acquired the subject vehicle; current information regarding the subject vehicle (including location, mileage, identification of drivers, insurance company); accidents, maintenance, modifications, service, any alleged

nonconformities/defects for the subject vehicle, documents supporting damages (including attorneys' fees), information and documents to support Plaintiff's civil penalty claim, and Plaintiff's communications with FCA, dealerships, and any third party regarding the subject vehicle.

Defendants anticipate taking Plaintiff's deposition, taking a deposition of any individuals who drove the vehicle, taking Plaintiff's expert(s) depositions, and conducting a vehicle inspection. Defendants anticipate taking 2-4 depositions.

The subjects of discovery may change as discovery takes place and information is exchanged.  Defendants reserve the right to seek discovery regarding additional matters not listed herein.

**8.     Discovery of Electronically Stored Information**

The Parties are not currently aware of issues about disclosure, discovery, or preservation of electronically stored information.  Defendants anticipate that some of its document production exists primarily in electronic format and will produce the documents in a readily accessible electronic format.

The Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, if any, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information.

**9.     Dates agreed to by all Counsel**

      a. The Parties agree to the following deadlines:

          i. Filing of non-dispositive motions: 1/6/2023.

          ii. Filing of dispositive motions: 2/28/2023.

      b. Pre-Trial Conference of 5/11/2023.

      c. Trial Date: 6/19/2023.

**10.    Settlement**

The Parties are actively engaged in settlement negotiations.

**11.    Jury**

The Parties have requested a jury trial.

**12.    Trial Estimate**

The Parties estimate a jury trial will take between 5-7 days.

**13.    Consent to Proceed before Magistrate**

Defendant does not consent to the jurisdiction of a Magistrate Judge.

**14.    Bifurcation or Phasing of Trial**

The Parties do not request bifurcation or phasing of trial or expediting discovery.

**15.    Related Matters**

This matter is not related to any matter pending in this Court or any other Court.

Dated: March 14, 2022                                   MFS Legal

/s/      Neal Morrow
Neal Morrow
Michael Avila
Attorney for Plaintiff, Garret Alan Bates

Dated: March 14, 2022                                   CLARK HILL LLP

/s/      Erin Hanson
Erin E. Hanson
Attorney for FCA US LLC

///
///
///
///
///

# **ORDER**

The Court has reviewed the Parties' Joint Scheduling Report and APPROVES the following deadlines:

1. Initial Disclosures due **March 25, 2022**.
2. Non-Expert Discovery due **October 5, 2022**.
3. Disclosure of Expert Witnesses due **October 19, 2022**.
4. Expert Witness Discovery due **December 16, 2022**.
5. Non-Dispositive Motions due **January 6, 2023**.
6. Dispositive Motions due **February 28, 2023**.
7. The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed dispositive motion. The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth new dates for a final pretrial conference and trial.

IT IS SO ORDERED.

Dated: March 22, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE